**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Lash*, Slip Opinion No. 2026-Ohio-2746.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2746

THE STATE OF OHIO, APPELLANT, *v.* LASH, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Lash*, Slip Opinion No. 2026-Ohio-2746.]**

*Criminal law—Application for postconviction DNA testing—R.C. 2953.72—A trial court's order satisfies R.C. 2953.73(D)'s "reasons" requirement when it provides a statutory reason for accepting or rejecting an application for postconviction DNA testing—Court of appeals' judgment reversed and cause remanded.*

(No. 2025-0218—Submitted January 7, 2026—Decided July 21, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 113766, 2024-Ohio-6025.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented, with an opinion.

**FISCHER, J.**

{¶ 1} A trial court is not typically required to provide written opinions for its rulings. "[I]n the absence of specific requirements to the contrary, decisions . . . whether to explain reasons for a ruling are matters entrusted to the sound discretion of the trial court." *State v. Francis*, 2004-Ohio-6894, ¶ 56 (plurality opinion). R.C. 2953.73, which provides an avenue for certain individuals convicted of crimes to apply for postconviction DNA testing, contains one such specific requirement to the contrary. Under R.C. 2953.73(D), a trial court's order must provide "the reasons for the acceptance or rejection [of an application] as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code [the statutes governing postconviction DNA testing]." In this appeal, we are asked to determine how thorough the court's explanation must be to comply with R.C. 2953.73(D)'s "reasons" requirement, and specifically, whether a trial-court order satisfies that requirement when it identifies a statutory reason for its decision.

**FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} On February 16, 2016, appellee, Daverrick Lash, was convicted of aggravated murder and other related charges, including firearm specifications. The trial court sentenced Lash to life imprisonment with the possibility of parole after 25 years and to a six-year prison term for the firearm specifications, meaning that he would be eligible for parole after 31 years. The Eighth District Court of Appeals affirmed his convictions, *State v. Lash*, 2017-Ohio-4065 (8th Dist.), and we declined to accept his appeal from that judgment, 2018-Ohio-365. The details from the night of the killing, the subsequent investigation, and the legal proceedings up to and including the trial are thoroughly recounted in the Eighth District's 2017 decision, and are mostly irrelevant to this appeal.

{¶ 3} On August 3, 2021, Lash filed an application for postconviction DNA testing pursuant to R.C. 2953.71 et seq. He sought to have tested certain DNA samples that had been obtained in the initial investigation and to have other samples

uploaded to the Combined DNA Index System. The trial court rejected the application in an order that reads in its entirety: "Defendant's motion for application for DNA testing is denied. Defendant has not shown that DNA testing would be outcome determinative. This court finds results would not be probative." Cuyahoga C.P. No. CR-15-596663-A (Mar. 22, 2024).

{¶ 4} Lash appealed. In his sole assignment of error in the court of appeals, he argued that the trial court abused its discretion in rejecting his application for DNA testing. The Eighth District reversed the trial court's order, stating: "This court has repeatedly held that the failure to provide an explanation for rejecting a defendant's application under R.C. 2953.73(D) is contrary to law and constitutes an abuse of discretion." 2024-Ohio-6025, ¶ 13 (8th Dist.), citing *State v. Conner*, 2020-Ohio-4310, ¶ 14 (8th Dist.); *State v. Rawls*, 2016-Ohio-7962, ¶ 25 (8th Dist.); *State v. Richard*, 2013-Ohio-3918, ¶ 9 (8th Dist.); and *State v. Smith*, 2007-Ohio-2369, ¶ 10 (8th Dist.); *see also State v. Ayers*, 2005-Ohio-6972, ¶ 5-8 (8th Dist.), *rev'd on other grounds*, 2007-Ohio-1385. The Eighth District remanded the cause to the trial court "to state its analysis for its conclusion." 2024-Ohio-6025 at ¶ 18 (8th Dist.). Because the Eighth District held that the trial court's order was statutorily deficient and thus constituted an abuse of discretion, it did not consider the trial court's determination that DNA testing would not be outcome determinative.

{¶ 5} The State appealed, and we accepted jurisdiction to determine whether R.C. 2953.73(D)'s "reasons" requirement is satisfied when a trial court's order provides only a statutory reason for accepting or rejecting an application for postconviction DNA testing or whether further findings or analysis by the trial court is required. *See* 2025-Ohio-1483. We hold that an order satisfies R.C. 2953.73's "reasons" requirement when it provides a statutory reason for the court's acceptance or rejection of the application. Accordingly, we reverse the Eighth District's

judgment and remand the case for that court to consider whether the trial court abused its discretion in rejecting Lash's application for postconviction DNA testing.

**ANALYSIS**

{¶ 6} The trial court's order rejecting Lash's application for postconviction DNA testing is a final and appealable order. *See* R.C. 2953.73(E)(2). We have previously held that an order rejecting or accepting an application for postconviction DNA testing is within a trial court's discretion and that the order setting out that determination is reviewed for an abuse of discretion. *See State v. Buehler*, 2007-Ohio-1246, paragraph one of the syllabus and ¶ 37. However, the question whether an order even complies with a statutory requirement is a matter of statutory interpretation. Thus, the issue in this case is a question of law, subject to de novo review. *See State v. Logan*, 2025-Ohio-1772, ¶ 8, citing *State v. Reed*, 2020-Ohio-4255, ¶ 12.

{¶ 7} R.C. 2953.71 et seq. outlines the procedure for eligible offenders (i.e., offenders who meet certain statutory criteria under R.C. 2953.72(C)) to apply for postconviction DNA testing of biological material collected in their cases. Once an application for postconviction DNA testing is submitted to the court of common pleas that sentenced the offender (and the application has been served on both the prosecuting attorney and the attorney general), R.C. 2953.73(A) and (B)(1), the application is assigned "to the judge of that court of common pleas who was the trial judge in the case in which the eligible offender was convicted of the offense for which the offender is requesting DNA testing," if that judge is still a judge of that court, R.C. 2953.73(B)(2). Otherwise, the application is assigned according to that court's rules. *Id.* When the court has made its determination regarding the application, it must "enter a judgment and order that either accepts or rejects the application and that includes within the judgment and order the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." R.C. 2953.73(D).

4

{¶ 8} The question in this appeal is how thorough the court's explanation must be to adequately provide "the reasons for the acceptance or rejection" of an application for postconviction DNA testing, or, specifically, whether an order that identifies a statutory reason for rejecting an application is sufficient to satisfy R.C. 2953.73(D)'s "reasons" requirement.

{¶ 9} For a court to accept an application for postconviction DNA testing, several statutory criteria must be met. For example, the court must find that the applicant qualifies as an eligible offender (R.C. 2953.72(C)); that the biological material against which the offender's DNA will be compared still exists (R.C. 2953.74(C)(1)); and that the identity of the person who committed the offense was an issue in the trial (R.C. 2953.74(C)(3)). A trial court may not accept the application unless it meets these criteria. *See State v. Bonnell*, 2018-Ohio-4069, ¶ 19.

{¶ 10} Among these requirements, the trial court must also find that if the testing shows that the offender was not a contributor to the DNA evidence sought to be tested, then that result would be outcome determinative. R.C. 2953.74(C)(4) and (5); R.C. 2953.71(G). The term "outcome determinative" is defined in R.C. 2953.71(L):

> "Outcome determinative" means that had the results of DNA testing of the subject offender been presented at the trial of the subject offender requesting DNA testing and been found relevant and admissible with respect to the felony offense for which the offender is an eligible offender and is requesting the DNA testing, and had those results been analyzed in the context of and upon consideration of all available admissible evidence related to the offender's case as described in division (D) of section 2953.74 of

the Revised Code, there is a strong probability that no reasonable factfinder would have found the offender guilty of that offense . . . .

{¶ 11} The trial court's order in this case was brief, simply stating that Lash had not shown that "DNA testing would be outcome determinative." But when R.C. 2953.73(D)'s "reasons" requirement is read in the broader context of the postconviction-DNA-testing statutes, we conclude that the order provides an adequate reason for purposes of R.C. 2953.73(D).

{¶ 12} The General Assembly did not provide a definition for the term "reasons" as used in R.C. 2953.73(D). "When a term is not defined in the statute, we give the term its plain and ordinary meaning." *Lingle v. State*, 2020-Ohio-6788, ¶ 15, citing *Brecksville v. Cook*, 1996-Ohio-171, ¶ 11. A "reason" is often defined as "a statement offered in explanation or justification." *Merriam-Webster's Collegiate Dictionary* (11th Ed. 2020). It is clear that the trial court's order provided a reason: Lash's application for DNA testing was rejected *because* the results would not be outcome determinative.

{¶ 13} However, R.C. 2953.73(D) also requires the court to provide its reasons "as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." The trial court's order satisfies this requirement. As explained above, there are several reasons that a trial court may reject an application for postconviction DNA testing. An order that identifies the specific statutory requirement that the application failed to meet links the reason for rejecting the application to that requirement. Conversely, an order that fails to identify a specific statutory requirement that the application does not meet or that provides a reason that does not coincide with a requirement set forth in R.C. 2953.71 through 2953.81 does not meet R.C. 2953.73(D)'s "reasons" requirement.

{¶ 14} Finally, in reaching its conclusion, the trial court in this case necessarily applied its reason for rejecting Lash's application to the statutory

criteria by stating in its order that the results would not be "outcome determinative." As noted above, "outcome determinative" is defined in R.C. 2953.71(L) for purposes of applications for postconviction DNA testing and R.C. 2953.74(C)(4) and (5) require a finding that testing would be outcome determinative before an application may be accepted. Implicit in the trial court's order is a determination that if the results of the testing that Lash sought had been presented at his trial, there was not a strong probability that no reasonable fact-finder would have found him guilty of aggravated murder or the other related offenses, *see* R.C. 2953.71(L); R.C. 2953.74(C)(4) and (5).

{¶ 15} When viewed in light of the statutes governing postconviction DNA testing, it is clear that the trial court's order rejecting Lash's application satisfies R.C. 2953.73(D)'s "reasons" requirement. R.C. 2953.73(D) only requires a trial court to identify the statutory reason for rejecting an application for postconviction DNA testing. While in certain cases an order that merely identifies a statutory reason for rejecting an application may affect a subsequent review of that order for an abuse of discretion, the order is not statutorily deficient. If the General Assembly had intended R.C. 2953.73(D) to require a more thorough explanation, it would have specified as much—as it did in R.C. 2953.21(D), a similarly structured statute involving postconviction relief. R.C. 2953.21(D) requires a trial court to file its findings of fact and conclusions of law upon dismissing a petition for postconviction relief. *See State v. Lester*, 41 Ohio St.2d 51, 56 (1975) (holding that trial court's order summarily denying petition for postconviction relief under R.C. 2953.21 based on res judicata was statutorily deficient because it did not include findings of fact and conclusions of law). R.C. 2953.73(D) imposes no similar requirement, and the trial court's order in this case provided a sufficient reason for rejecting Lash's application for postconviction DNA testing.

**CONCLUSION**

{¶ 16} We hold that a trial court's order satisfies R.C. 2953.73(D)'s "reasons" requirement when it provides a statutory reason for accepting or rejecting an application for postconviction DNA testing. Here, the trial court complied with that requirement by stating that the DNA testing Lash sought would not be outcome determinative. Prior appellate-court decisions that have required more are no longer good law. Because the Eighth District determined that the trial court's order was statutorily insufficient, it reversed the trial court's judgment without addressing whether the trial court abused its discretion in rejecting the application because DNA testing would not be outcome determinative. Lash is entitled to have the trial court's rejection of his application reviewed on appeal. *See* R.C. 2953.73(E)(2). Because the issue whether DNA testing would have been outcome determinative was not addressed by the court of appeals and we did not accept review of that issue, the case must be remanded. The Eighth District Court of Appeals' judgment is reversed, and the cause is remanded to that court to review the trial court's decision rejecting Lash's application for an abuse of discretion.

Judgment reversed

and cause remanded.

_____

**BRUNNER, J., dissenting.**

{¶ 17} R.C. 2953.73(D) requires that when a trial court issues an order regarding a postconviction application for DNA testing, it include in the order of judgment "the reasons for the acceptance or rejection as applied to the criteria and procedures set forth in sections 2953.71 to 2953.81 of the Revised Code." The majority opinion holds that such an order is sufficient if it states only the "reasons" for accepting or rejecting the application. Majority opinion, ¶ 16. But under this holding, a trial court could use a form and simply check a box. Such an order would not sufficiently inform a reviewing court of the reasons for the acceptance or

rejection *as applied* to the statutory criteria. Why would the General Assembly include an "as applied" clause in its requirements if a simple reason would suffice?

{¶ 18} R.C. 2953.73(D) does not require a trial court to draft a lengthy opinion, and it does not require a trial court to make specific findings of fact and conclusions of law, as other postconviction statutes do, *see, e.g.*, R.C. 2953.21(D). R.C. 2953.73(D) requires trial courts to provide an analysis of the applicable statutory criteria that informed the court's determination. Of course, the more thorough a court is in explaining its reasoning under the postconviction DNA testing framework, the more meaningful, thorough, and efficient appellate review can be. But the majority opinion ignores the language of the statute and does not require trial courts to provide any analysis. Moreover, the majority opinion eschews what is a common-sense approach. Under the majority's holding, a trial-court order accepting or rejecting an application will satisfy R.C. 2953.73(D)'s "reasons" requirement by simply stating that the decision was made "according to criteria and procedures set forth in R.C. 2953.71 to 2953.81"; the majority opinion does not require trial courts to actually apply those statutory criteria and procedures to the application. This clearly is not in keeping with the plain language of the statute.

{¶ 19} Because I believe that the majority opinion will likely lead to trial-court orders that contain reasons that are vague, are untethered to statute, or are rote recitations of statutory language with no substance, I believe it will also unnecessarily hamstrings appellate-courts, which generally possess the power to reverse and remand unclear or undeveloped trial-court orders for a more thorough explanation, *see* App.R. 12(D) ("In all other cases where the court of appeals finds error prejudicial to the appellant, the judgment or final order of the trial court shall be reversed and the cause shall be remanded to the trial court for further proceedings.).

{¶ 20} For these reasons, I disagree with the opinion of the majority and

dissent from the judgment of the court.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen W. Knapp, Assistant Prosecuting Attorney, for appellant.

Patituce & Associates, L.L.C., Joseph C. Patituce, and Megan M. Patituce, for appellee.

D. Andrew Wilson, Ohio Attorney General, Mathura J. Sridharan, Solicitor General, and Zachery P. Keller, Deputy Solicitor General, urging reversal for amicus curiae Ohio Attorney General D. Andrew Wilson.

Ohio Innocence Project, University of Cincinnati College of Law, and Donald R. Caster, urging affirmance for amicus curiae Ohio Innocence Project.

_____